IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. |
| v. | § § | COMPLAINT |
| ZACHRY INDUSTRIAL, INC. F/K/A ZACHRY CONTSRUCTION CORP., | § § § | JURY TRIAL DEMAND |
| Defendant. | § § | SA09CA0792 |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Connie Beseda who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that the Defendant, Zachry Industrial, Inc. f/k/a Zachry Construction Corporation ("Zachry"), subjected Connie Beseda to a retaliatory discharge, in violation of §704(a) of Title VII, because she engaged in statutorily protected activity when she opposed and reported sex based discrimination.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Zachry, has continuously been a Texas corporation doing business in the State of Texas and the City of San Antonio, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Zachry, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. On March 17, 2008, more than thirty days prior to the institution of this lawsuit, Connie Beseda filed a charge with the Commission alleging violations of Title VII by Defendant, Zachry. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 8, 2008, Defendant, Zachry, engaged in unlawful employment practices by:

(a) Discharging Connie Beseda from her position as an Electrician Helper from a project in New Braunfels, Texas, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), because she opposed what she reasonably believed to be unlawful sex-based discrimination and filed a charge of discrimination with the EEOC; and

(b)   Failing to rehire Connie Beseda, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), when she, consistent with company policy or practice, attempted to reapply for work with Defendant Zachry in both San Antonio, Texas and in Corpus Christi, Texas. The Defendant thereby denied Ms. Beseda employment in retaliation for her opposing what she reasonably believed to be unlawful sex-based discrimination and filing a charge of discrimination with the EEOC.

8.   The effect of the practices complained of in Para. No. 7 has been to deprive Connie Beseda of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation.

9.   The unlawful employment practices complained of in Para. No. 7 were intentional.

10.   The unlawful employment practices complained of in Para. No. 7 were done with malice or with reckless indifference to the federally protected rights of Connie Beseda.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Zachry its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or from any employment practice which discriminates on the basis of retaliation or which facilitates, condones, or encourages retaliation;

B.   Order Defendant Zachry to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals who participate in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Zachry to make whole Connie Beseda, by providing appropriate backpay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, the reinstatement and/or rightful place hiring of Connie Beseda, or front pay in lieu thereof;

D. Order Defendant Zachry to make whole Connie Beseda, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Para. No. 7, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

E. Order Defendant Zachry to make whole Connie Beseda by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in Para. No. 7, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in an amount to determined at trial;

F. Order Defendant Zachry to pay Connie Beseda punitive damages for engaging in discriminatory practices with malicious or reckless indifference to Connie Beseda's federally protected rights, as described in Para. No. 7, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature: Judith Taylor for]*
ROBERT A. CANINO *w/ permission*
Regional Attorney
Oklahoma State Bar No. 011782

*[signature]*
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

*[signature]*
DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
5410 Fredericksburg Rd. Suite 200
San Antonio, Texas. 78229
Telephone: (210)281-7619
Facsimile: (210)281-7669
E-mail: David.Rivela@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**